UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| GEOVANNY B. GOMAZ, # 433184, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:09-CV-169 |
| ) | |
| C/O GENTRY, C/O T. POTTER, and ) | |
| C. C. O. M. EASTRIDGE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| All in their individual ) | |
| and official capacities. ) | |

## **MEMORANDUM and ORDER**

Geovanny B. Gomez, a Hispanic/American inmate confined in the Northeast Correctional Complex (NECX) in Mountain City, Tennessee, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, against three NECX correctional officers. Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in the account, for the six (6) months

immediately preceding the filing of the complaint on August 12, 2009. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the NECX, where the plaintiff is now housed, and to Tennessee Department of Correction Commissioner George Little to ensure compliance with the fee-assessment procedures outlined above.

The Court must now screen the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The gravamen of the complaint is that, on February 18, 2009, defendant officers Gentry and T. Potter beat, choked, and slammed plaintiff repeatedly into a concrete floor and against the wall, while he was restrained by handcuffs and that

---

[1] Payments should be mailed to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Case 2:09-cv-00169-JRG-DHI   Document 7   Filed 08/18/09   Page 2 of 4   PageID #: 27

defendant M. Eastridge "just stood there watching" and ignored his pleas to stop the assault. Compl. at 6. Plaintiff maintains that the incident spanned over a 2-hour period and left him with a gashed, bruised and swollen head; cuts and swelling on his wrists; and bruising and soreness in his chest, ribs, and stomach. Plaintiff further maintains that he asked for medical assistance for the injuries he received during the assault but that one defendant [plaintiff thinks it was M. Eastridge] replied that plaintiff "was not in Mexico, and if [he] wanted help, [he] should have thought about it before [he] swam across the border."

Thereafter, plaintiff was taken to a cell in the high security area, where nearly every day, officers remove him from his cell, destroy his personal property, and physically assault, abuse and harass him. To remedy these purported constitutional infringements, plaintiff seeks injunctive, declaratory and monetary relief.

The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. Thus, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Court cannot conclude that plaintiff's contentions concerning use of excessive force and denials of medical care and [impliedly] equal protection are frivolous or malicious or that they do not state at least arguable claims under the Eighth and Fourteenth Amendments.

Therefore, the Clerk is **DIRECTED** to send plaintiff three service packets. (Each contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of date on this order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE